**`IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

KAREN BROUGHTON,

Plaintiff,

vs. CASE NO.: 3:12cv00097/MCR/EMT

THE SCHOOL BOARD OF ESCAMBIA
COUNTY, FLORIDA

Defendant.

---

**MOTION TO DISMISS MALCOLM THOMAS AS A NAMED DEFENDANT**

Malcolm Thomas, individually and as Superintendent of Escambia County Schools, pursuant to Rule 12(b), Federal Rules of Civil Procedure, moves to dismiss the Plaintiff's complaint to the extent Malcolm Thomas is a named defendant and in support thereof shows the following:

1. Plaintiff's complaint, on its face, fails to state a cause of action against Malcolm Thomas either individually or as Superintendent of Escambia County Schools. While the allegations in the complaint must be accepted as true in the context of this motion to dismiss, the material facts in the complaint are not only disputed but are also subject to the defenses of *res judicata* and collateral estoppel. (See affirmative defenses raised in the answer of the Escambia County School Board).

2. Malcolm Thomas is the elected Superintendent of the Escambia County Schools.

(§1001.46, Florida Statutes). The Superintendent of School's is a constitutional officer under the Florida Constitution. (FL Const Art IX §5). The School Board of Escambia County is the governing body of the Escambia County School District. (§1001.40, Florida Statutes). Florida Statutes vest in the School Board the authority to contract, sue, and be sued. (§1001.41, Florida Statutes).

3. Plaintiff's complaint alleges that at all times material, Thomas was acting within the course and scope of his employment. (Complaint, para 15). To the extent allegations are made that Thomas acted in his official capacity, such suits are in essence against the governmental entity. See *Kentucky v Graham*, 473 U.S. 159, 166 (1985). The governmental entity in this case is the Escambia County School Board.

4. The only allegations in the complaint relative to Thomas relate to his discretionary actions as Superintendent. Specifically in Count II Plaintiff alleges that the Board and Thomas failed to implement adequate policies regarding protected speech and failed to adequately train District administrators regarding constitutional rights of employees. Count II goes on to allege harm to Plaintiff resulted from the policy, custom, and practice of the School Board, the Superintendent, and School District administrators. (Complaint, paras 42 - 45).

5. Although Malcolm Thomas is named "individually" in the complaint, there are no allegations sufficient to establish individual liability. Furthermore, qualified immunity shields governmental officials "from liability for civil damages in so far

as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known". *Harlow v Fitzgerald*, 457 U.S. 800, 818; 102 S.Ct. 2727, 2738 (1982). Plaintiff's allegations, in Count II naming the Board and Thomas, are insufficient as a matter of law to overcome qualified immunity.

6. Government officials performing discretionary functions generally are shielded from liability for civil damages in so far as their conduct does not violate clearly established statutory or constitutional rights. To the extent Plaintiff attempts to allege claims against Malcolm Thomas in Count II, the allegations clearly address matters within discretionary authority of the Superintendent. Plaintiff also fails to allege deprivation of a clearly established statutory or constitutional right. Plaintiff's allegations that she complained to the EEOC or DOJ or that she complained with regard to the District's investigation of her allegations of misconduct against others do not allege violation of clearly established First Amendment rights. As will be more specifically addressed through memorandum in support of this motion, Plaintiff's complaints to the EEOC, DOJ, and/or to the School District regarding any investigation do not constitute protected speech under the First Amendment.

7. Count III of the Plaintiff's complaint alleges unlawful discrimination in violation of Title VII, 42 U.S.C. §2000(e). Count III purports to name "all defendants" thereby including Malcolm Thomas. Malcolm Thomas, however, is not the statutory employer of the Plaintiff. The Escambia County School Board is the

statutory employer of the Plaintiff and the only proper defendant in a Title VII unlawful discrimination lawsuit. (Complaint, para 12) (See also 42 U.S.C. 2000e-2).

WHEREFORE, in consideration of the above, Malcolm Thomas moves Count II of the complaint be dismissed for failure to state a claim under 42 U.S.C. §1983 and that Thomas be dismissed as a named plaintiff in Count III because, under Title VII, only the employer, the Escambia County School Board, can be properly named as a defendant.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS MALCOLM THOMAS AS A NAMED DEFENDANT

Plaintiff's four count complaint purports to allege a cause of action against Malcolm Thomas only in Count II (Defendants Board and Thomas) and Count III (all Defendants). Count II purports to allege a cause of action under 42 U.S.C. §1983 for violation of free speech protected by the First and Fourteenth Amendments. Count III purports to allege a cause of action for discrimination through unlawful retaliation in violation of 42 U.S.C. §2000(e). These two counts naming Thomas are addressed below. While the allegations in the complaint must be accepted as true for purposes of the Defendant's motion to dismiss, the substantive allegations are not only disputed but are also subject to the affirmative defenses of *res judicata* and collateral estoppel. Those affirmative defenses are more specifically addressed in the answer and affirmative defenses of the Escambia County School Board.

### STANDARD FOR GRANTING A MOTION TO DISMISS

In the decision of *Reyes v City of Miami Beach*, 2007 WL 4199606 (S.D. Fla., Nov. 26,

2007), the district court, in reviewing a motion to dismiss a complaint alleging excessive force used by a municipality in violation of 42 U.S.C. §1983, and alleging that actions taken by City employees were in bad faith or with malice under §728.28(9), Fla. Stat., discussed the standards for disposing of a motion to dismiss, as follows:

> In reviewing a motion to dismiss, all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts must be taken as true. *Jackson v. Okaloosa County, Fla,* 21 F.3d 1531, 1534 (11th cir. 1994). Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plan statement of the claim showing that the pleader is entitled to relief'. Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' *Bell Atlantic Corp. V. Twombly,* __________ *U.S.* __________, 127 S.Ct. 1955, 1964 167 L.Ed. 2d 929 (2007) (quoting *Conley v Gibson,* 335 U.S. 41, 47 (1957)). Nonetheless, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate. *Marshall County Board of Education v. Marshall County Gas District,* 992 F.2d 1171, 1174 (11th Cir. 1993).
> Id. at *2.

Moreover, conclusory allegations need not be accepted as true. *Bryan Media, Inc. V. City of St. Petersburg,* 2005 WL 2371992, *2 (M.D. Fla., Sept. 27, 2005) (citing *Gersten v Rundle,* 833 F. Supp., 906, 910 (S.D. Fla. 1993) and *Associated Builders, Inc. V. Alabama Power Co.,* 505 F.2d 97, 100 (5th Cir. 1974)).

**<u>Count II Alleged Violation of Free Speech Protected by First and Fourteenth Amendments</u>**

In Count II Plaintiff names both the Board and Thomas as defendants alleging violations under 42 U.S.C. §1983. Count II is titled "Violation of free speech protected by First and Fourteenth Amendment". Broughton alleges that on November 2, 2010, the Board, Thomas, and Scott disciplined the Plaintiff through a written reprimand asserting as justification the two

ethics complaints against Broughton as well as the investigative findings of John Dobbs, School District Investigator.(Complaint, para 30, 31). Plaintiff alleges the written reprimand was based upon "alleged misconduct resulting from Plaintiff's federally protected speech concerning matters of public concern". (Plaintiff's complaint, para 21 with composite exhibit "E" and para 31). Plaintiff further alleges the Defendants attempted to discourage her from participating in speech protected by the federal constitution and from filing complaints of unlawful retaliation. (Complaint, para 35). The Plaintiff goes on to allege in Count II that the Board and Thomas had a duty to implement rules and procedures to insure that District administrators follow rules, regulations and procedures "that clearly direct the preservation of protected speech without the threat of discipline". (Complaint, para 41). Plaintiff alleges the Board's failure to adopt and Thomas' failure to implement adequate policies regarding protected speech resulted in unlawful retaliatory action against Plaintiff. Plaintiff claims the Board and Thomas knew it was reasonably foreseeable that such a policy was necessary and that in failing to act the Board and Thomas were "deliberately indifferent" to the federally protected rights of Plaintiff. (Complaint, paras 42, 43, 44).

Plaintiff's Allegations in Count II Insufficient to State a Cause of Action for Individual Liability By Malcolm Thomas

It is undisputed of record that Malcolm Thomas is the elected Superintendent of Escambia County Schools. As an elected governmental official, he enjoys the protections of qualified immunity for claims of liability for civil damages where such conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. See *Harlow v Fitzgerald*, 457 U.S. 800, 818 (1982). The doctrine of qualified

immunity has evolved through court decisions to protect the public from "unwarranted timidity" on the part of public officials by . . . "contributing to principled and fearless decision-making"; "to insure that talented candidates are not deterred by threat of damages suits from entering public service"; and to avoid distracting public officials from their duties. *Richardson v McKnight*, 521 U.S. 399, 408, 117 S.Ct. 2100, 2105 (1997).

The Superintendent may have qualified immunity when acting within his discretionary authority. *McCoy Webster, et. al.*, 47 F.3d 404, 406 (11th Cir. 1995). Plaintiff's complaint clearly demonstrates the actions of which she complains are within the Superintendent's discretionary authority. Plaintiff alleges that the Board and Thomas had a duty to implement rules and procedures to insure that administrators follow rules, regulations, practices, and procedures that direct the preservation of protected speech without the threat of discipline. (Complaint, para 41). Plaintiff alleges Thomas, as well as the Board, failed to adopt and implement adequate policies with regard to protected speech. (Plaintiff's complaint, paras 42, 43). The Eleventh Circuit standard for determining whether an action is discretionary for purposes of applying the doctrine of qualified immunity asks (1) were the official's actions at issue undertaken pursuant to the performance of his duties and (2) were those actions within the scope of his authority. *Jordan v John Doe,* 38 F.3d 1559, 1566 (11th Cir 1994). If the conduct at issue falls within this definition the official was acting within the scope of his discretionary authority. See *McCoy v Webster*, supra at 407 (11th Cir 1995). Based strictly on the allegations in Plaintiff's complaint, construed as true only for purposes of this Motion to Dismiss, the actions attributed to Malcolm Thomas are clearly with his discretionary authority as the

Superintendent of Escambia County Schools.

Plaintiff's complaint also fails to allege Thomas acted in such a way as to violate Plaintiff's "clearly established statutory or constitutional rights of which a reasonable person would have known". *Harlow*, supra. Plaintiff merely alleges that Thomas, the Board, and Scott disciplined Plaintiff through written reprimand asserting as justification ethics complaints filed by a School District Principal and a classroom teacher as well as the investigative findings with regard to those complaints. (Complaint, para 30). Plaintiff alleges the written reprimand "was based on alleged misconduct resulting from Plaintiff's federally protected speech concerning matters of public concern". (Complaint, para 31). Plaintiff alleges that Defendants attempted to discourage her from participating in speech protected by the federal constitution and for filing complaints for retaliation. (Complaint, para 35).

There are no fact allegations sufficient to support the intentional deprivation of a clearly established constitution right of which a reasonable person would have known. This Court may determine as a matter of law that the "speech" that Plaintiff identifies in her complaint is not a matter of "public concern" protected by the First Amendment. To fall within the area of "public concern" thus implicating the First Amendment, an employee's speech must "relate to a matter of political, social, or other concern to the community". *Connick v Meyers*, 461 U.S. 138, 146, 103 S.Ct. 1684, 1690 (1983). Public employees voicing personal, employment-related grievances are not protected by the First Amendment. *Morgan v Ford*, 6 F.3d 750, 755 (11th Cir 1993). In *Morgan* the Eleventh Circuit, citing *Connick*, held that absent extraordinary circumstances First Amendment protection remains unavailable when an employee speaks not as

a citizen upon matters of public concern, but instead as an employee upon matters of personal interest. Id. at 754. In *Williams v Alabama State University*, 102 F.3d 1179, 1183 (11th Cir 1997) the Eleventh Circuit again addressed what may constitute protected speech under the First Amendment. The Court noted that protected free speech is a balancing test under *Pickering v Board of Education*, 391 U.S. 563 (1968) and that qualified immunity protects public officials in all but "the extraordinary case". In

*Rice-Lamar v City of Ft. Lauderdale*, 54 F.Supp 2d 1137 (S.D. Fla 1998), the district court concluded that city managers having terminated that plaintiff were entitled to qualified immunity where the city managers acted in a good faith belief that they were disciplining the employee for insubordination and the employee's supervisor had disagreed with that plaintiff's complaints of widespread race discrimination. In *Henry v City of Tallahassee*, 149 F.Supp. 2d 1324, 1328 (N.D. Fla. 2001) Senior District Judge William Stafford held that an employee's prior complaints were not of public concern and thus the employee's First Amendment rights to freedom of speech were not violated. Henry alleged in his complaint that his employer, the City of Tallahassee, had retaliated against him based on his "prior filing of EEOC and Florida Commission on Human Relations charge of discrimination and a past lawsuit claiming race discrimination and retaliation". Id. at 1327. Judge Stafford's opinion included, in pertinent part, the following:

> To prove a retaliation claim cognizable under the First Amendment, a plaintiff must show that: (1) his speech was on a matter of public concern; (2) his First Amendment interest in engaging in the speech outweighed the employer's interest in prohibiting the speech; and (3) his speech played a "substantial part" in the employer's decision to discharge him. *Anderson v Burke County*, 239 F.3d 1216 (11th Cir. 2001). To fail within the realm of "public concern", an employee's speech must relate to a matter of political, social, or other concern to the

> community. *Connick v. Myers*, 461 U.S. 138, 146, 103 S.Ct. 1684, 75 L.#d.2d 708 (1983). Absent extraordinary circumstances, First Amendment protection is unavailable when "a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest". *Connick*, 461 U.S. at 147, 103 S.Ct. 1684.
> Id. at 1327.

Judge Stafford ruled as a matter of law that *Henry's* claimed speech was not a matter of public concern and was not protected as free speech under the First Amendment. Judge Stafford recognized, however, that the circuit courts of appeal have split on that issue and that the Eleventh Circuit had not expressly determined whether an employee's speech in the context of an EEOC or state court proceedings constitutes speech on a matter of public concern. Citing *Maggio v Sipple,* 211 F.3d 1346 (11th Cir 2000) Judge Stafford went on to conclude in the context of a single-plaintiff EEOC charge or court complaint where an employee claims he was the victim of discrimination and/or retaliation that such complaints are for personal benefit and that "the main thrust of such speech will rarely, if ever, qualify as speech on a matter of 'public concern'". Id. at 1328.

In summary, Plaintiff has failed to allege in her complaint facts sufficient to establish individual liability for Malcolm Thomas. There are no facts from which any reasonable construction of the allegations would lead one to conclude Malcolm Thomas was acting, in Count II, in other than his discretionary authority as Superintendent of Escambia County Schools. There is no allegation of Thomas' violation of a clearly established statutory or constitutional right. Plaintiff's efforts to claim a violation of federally protected free speech are inadequate as she complains of matters that are not of "public concern". Finally, even assuming the existence of disputed authority for the idea that personal complaints to the EEOC and/or the School

District regarding alleged discrimination can constitute a matter of public concern, this court may determine as a matter of law that the right to do so with First Amendment protection is not a clearly established constitutional right.

Plaintiff's Allegations Insufficient to State a Cause of Action for Official Liability of Malcolm Thomas

To the extent Malcolm Thomas is named in his official capacity or to the extent allegations are made that Thomas acted in his official capacity, such suits are in essence against the governmental entity. See *Kentucky v Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099 (1985). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than named, to be treated as a suit against the entity." Id. at 165. In the instant case the Plaintiff has named as a Defendant the School Board of Escambia County and, therefore, the governmental entity is before the court to the extent any claims have been stated in the complaint. Naming Malcolm Thomas as a Defendant for actions in his official capacity is redundant. There is no purpose for Malcolm Thomas to be named as a Defendant in his official capacity other than vexatiousness.

**Count III Alleged Violation of Title VII, 42 U.S.C. §2000e**

Malcolm Thomas is improperly named as a Defendant in Count III where Plaintiff alleges the cause of action under Title VII of the 1964 Civil Rights Act as amended. Title VII only authorizes unlawful discrimination claims against employers. 42 U.S.C. §2000e-2. Plaintiff makes no allegation that Malcolm Thomas is her employer. Plaintiff alleges the School Board is

her employer. (Complaint, para 11). Only the School Board, as Plaintiff's employer, is properly named as a Defendant for alleged violations of Title VII. Florida law provides that the School Board is the governing body of the Escambia County School District. §1001.40, Florida Statutes. Florida statutes vest in the School Board the authority to contract, sue, and be sued. §1001.41, Florida Statutes. There is no lawful basis for Malcolm Thomas being named as a Defendant under Count III.

## CONCLUSION

In consideration of the above the motion of Malcolm Thomas to be dismissed as a named defendant in Counts II and III should be granted as the complaint, on its face, is insufficient to state any cause of action against Malcolm Thomas either individually or officially.

Respectfully submitted,

*/s/ Joseph L. Hammons*

JOSEPH L. HAMMONS
FBN: 218979
The Hammons Law Firm, P.A.
17 W. Cervantes Street
Pensacola, FL 32501
(850) 434-1068
Attorney for Defendant

* * *

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing has been furnished to Christopher E. Varner, Esquire, 125 West Romana, Pensacola, FL 32502, by electronic filing, on this 1st day of May,

2012.

*/s/ Joseph L. Hammons*
JOSEPH L. HAMMONS
FBN: 218979
The Hammons Law Firm, P.A.
17 W. Cervantes Street
Pensacola, FL 32501
(850) 434-1068
Attorney for Defendant